PER CURIAM.
Defendant wife has appealed a final decree which granted a divorce to her plaintiff husband and awarded her periodic alimony.
The evidence establishes that title to the marital home was vested in the parties to this cause as an estate by the entirety. The final decree contains the following provision :
“6. That the home and premises of the plaintiff and defendant, being more particularly described as:
“The North 100 ft. of the South 810 feet of Block E, SOUTH PON-TE VEDRA BEACH, Sections 19 and 30, Township 5 South, Range 30 East, St. Johns County, Florida,
be and the same is hereby ordered vested in the plaintiff, Edwin M. Wild, and the defendant, Doris P. Wild, as joint tenants.”
Appellant complains that the above-quoted provision of the final decree which pur- *533 sports to vest title in the parties as joint tenants is erroneous as a matter of law and •creates a cloud on the title to her interest in the home property.
Our statute dealing with estates by sur-vivorship provides that in cases of estates by entirety, the tenants, upon divorce, shall become tenants in common.[1] The validity of this statute, and its applicability to real estate held by husband and wife as an estate by the entirety prior to the entry of a decree of divorce, has been uniformly upheld and re-asserted by the courts of Florida.[2]
From the foregoing it is patent that the above-quoted provision of the final decree which orders that title to the marital home be vested in the parties as joint tenants is ■erroneous. After divorce the title vested in husband and wife to property held as an estate by the entirety is converted by operation of law to a tenancy in common. It ■seems quite probable that the inappropriate characterization of the title to which the parties will be vested after divorce as recited in the final decree resulted from inadvertence or oversight. If so, such error could have been readily corrected by the chancellor if called to his attention by a petition for rehearing. The record on appeal does not indicate that this was done, and the error is apparently being urged for the first time on this appeal. In fairness it must be noted that counsel representing appellant on this appeal did not enter the case until after the time for filing a petition for rehearing had expired. In view of the apprehension expressed by appellant that her title to the share of the marital home owned by her as a tenant in common will be clouded and rendered uncertain unless the decree appealed is corrected, the decree is accordingly reversed with directions that the decree be amended by correcting the provisions of paragraph 6 thereof quoted above in accordance with the views expressed herein.
We have carefully reviewed and considered the remaining points on appeal but find them to be without substantial merit. With the single exception above stated, the remaining provisions of the decree are affirmed.
STURGIS, C. J., and WIGGINTON, and RAWLS, JJ., concur.

. F.S. Section 689.15, F.S.A.

. Fletcher v. Fletcher (Fla.App.1961), 128 So.2d 434; Bergh v. Bergh (Fla.App.1961), 127 So.2d 481; Quick v. Leatherman (Fla.1957), 96 So.2d 136.