WIGGINTON, Judge.
Defendant seeks review by interlocutory appeal of a decree rendered in a partition suit which finds that the parties hereto are each owners of an undivided one-half interest in two separate parcels of real estate lying in Suwannee County, Florida. Appellant contends that the questioned decree is erroneous as a matter of law, and should be reversed.
The record of the proceeding submitted to us for review contains the complaint filed by appellee, Mary E. Greene, against appellant, Clifton W. Greene. The complaint alleges that the parties are each owners as joint tenants in common of certain described real estate as found and determined by a final decree rendered by the court in a separate proceeding on September 10, 1965. The complaint also alleges that the property described therein is incapable of equitable division, thereby requiring that it be sold and the proceeds equally divided between the parties. The complaint prays for a decree partitioning the land and setting apart to each of the parties their proper pro rata share thereof, or in the event it cannot be equitably divided that it be sold and the proceeds divided between the parties after paying therefrom the costs and expenses of the proceeding.
The amended answer filed by appellant contains several defenses which specifically deny that plaintiff owns any interest in the land described in the complaint, either as a tenant in common or otherwise, and deny that she has a right to a decree of partition as prayed for in her complaint.
The fourth defense interposed by appellant denies that the decree rendered by the court in a separate proceeding on September 10, 1965, established, found or determined that any joint tenancy in the land described in the complaint filed herein was vested in the parties to this proceeding, a copy of the decree referred to being attached to the answer as an exhibit and made a part thereof by reference. The decree referred to is a final decree rendered by the Circuit Court of .Suwannee County granting appellee wife a divorce from her appellant husband, granting her custody of the minor children born of the marriage, and a stated sum for child support. The decree describes no real property and makes no adjudication as to the interest, if any, either of the parties has in any specifically described or identifiable tract or parcel of real estate. That paragraph of the final divorce decree relied on by appellee wife merely recites that the parties to the cause “are hereby joint tenants in common in all real property formerly owned by the estate by the entirety hereto, - * * * and the Court does hereby Order and Decree that the parties hereto become joint tenants in common of all of the real property, * * and each shall own a one-half interest in said property, subject to all tax liens or other mortgages now of record against said property.”
The reference in the final divorce decree to real property owned by the parties does not constitute an adjudication that either of the parties is the owner of any specific real property, or any interest therein. At most, the quoted recital in the final decree constitutes nothing more than a general statement of the law of Florida, the legal effect of which is mere surplusage. It has long been both the statutory and decisional law of this state that in the absence of special equities, an estate by the entirety held by a husband and wife in property acquired by them during marriage is automatically converted into a tenancy in common upon the entry of a decree of divorce.[1] The recital in the final divorce decree under consideration in this case which merely recites that the parties are declared to be tenants in common of ali real estate in which they theretofore held *149 title as an estate by the entirety neither added to nor detracted from the rights vested by law in either of the parties in and to real estate which either or both may have acquired during their marriage.
It is clear from the allegations of the complaint and the answer filed herein that the primary and sole issue raised by the pleadings is whether appellee former wife was vested with any title or interest in the real estate described in her complaint susceptible of partition by the suit instituted by her. Upon the pleadings filed by the parties, and the issues raised thereby, the case was set for final hearing before the chancellor. The record reveals that at this hearing no testimony was taken and no evidence was offered or introduced by either party. After hearing argument of counsel for the respective parties, the court announced that it would take the matter under advisement, and the proceedings were thereupon adjourned. Within three weeks thereafter there was filed in the cause the decree of partition which forms the basis of this appeal.
The decree questioned herein recites in its opening paragraph that the cause came on for final hearing upon the pleadings filed by the parties, “and the Court having heard the testimony and the argument of counsel, and the Court being fully advised in the premises, finds as follows: * * * 2. That all of the material allegations of the complaint are supported by the proofs and the equities are with the Plaintiff.”
Despite the foregoing recital contained in the decree that testimony in the case was taken and the allegations of the complaint are supported by the proofs, the certified record of the hearing affirmatively establishes that no testimony was taken, no evidence was offered or received by the court, and no proofs were adduced which could support the allegations of the complaint or justify a finding by the chancellor that the equities are with the plaintiff. In their presentation before this court no contention is made by counsel for either of the parties that a trial was held, testimony taken or proofs adduced on the issues made by the pleadings as recited in the decree.
Since the pleadings filed by the parties made out a triable issue, the obligation rested on the court to permit the parties an opportunity to offer evidence on the issue to be adjudicated, aiid to render a decree upon the evidence and not upon the disputed allegations of fact and law contained in the pleadings. The decree appealed cannot be justified on the basis of the record before us. One might speculate that the decree was rendered in response to an unrecorded ore tenus motion for summary decree or decree on the pleadings made by the plaintiff at the final hearing, but support for such speculation cannot be found in the record before us, nor does either party contend that any such motion was made or granted. Had it been, its entry would have been erroneous and subject to reversal.
For the foregoing reasons the decree of partition is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. F.S. § 689.15, F.S.A. Wild v. Wild (Fla.App.1963), 157 So.2d 532;
Bergh v. Bergh (Fla.App.1961), 127 So. 2d 481.