PEARSON, Judge.
The appellant is a former wife of the appellee. They were divorced by a judgment of the Circuit Court of Dade County on May 15, 1969. On November 10, 1971, the appellee filed his petition for change of custody of the minor child of the marriage. The appellant filed a petition for modificátion of the final judgment in order to obtain an increase in her alimony and support payments, and in a separate motion requested an order to enforce the final judgment by requiring the appellee to comply with a provision providing for payment of medical and dental expenses. After hearing testimony, the trial court entered its order for modification of the final judgment. This order provided that the right of custody be transferred from the appellant to the appellee.[1] The order further provided for a reduction in the amount of child support.[2] The court also denied appellant’s motion to require the payment of medical and dental expenses as provided by the final judgment.[3]
The main thrust of this interlocutory appeal asserts that the trial judge erroneously changed the custody of the minor child from the mother to the father because: (1) there was insufficient evidence, and, (2) there was no finding of any material change in the circumstances relating to the care and welfare of the minor child. The minor child involved in this dispute is ten years old. The initial judgment of the trial court placed the minor child in the custody of the mother. Over two years later, after extensive testimony, the trial *866 judge reached the conclusion that conditions had so changed that the welfare of the child required a change in custody. An appellate court will not interfere with a decision of a trial judge unless it appears that there is no competent, substantial evidence to support the conclusion reached by the trial judge. Gunter v. Gunter, Fla.App.1969, 219 So.2d 743. Our review of the record convinces us that there was competent, substantial evidence before the trial judge which, if believed by him, was a sufficient basis for the conclusion that the welfare of the child was being adversely affected by appellant’s vengeful attitudes and actions toward the appellee. There was also evidence that the development of the child had not been wholesome during the period after the final judgment and prior to the petition for modification. We hold simply that there is evidence in this record which supports the decision of the trial judge that (1) there was a change in circumstances relating to the care and welfare of the minor child, and (2) that the best interests of the child would be served by a change in custody. It should be observed that under these bitter and unfortunate circumstances, the only real guideline for judicial action as to custody is the court’s determination of what is best for the child. Albritton v. Carraway, Fla.App.1968, 215 So.2d 69.
 Appellant has presented a second point which urges error in the trial court’s refusal to enforce the provision of the final judgment requiring the husband to pay medical and dental expenses of the wife. This provision has previously been set forth in footnote #3. Initially it should be pointed out that the wisdom of the provision is suspect in that it invites controversy between two bitterly antagonistic parties. Further, we hold that the portion of the provision which states that, “ . . . no future medical expenses shall be incurred without first consulting the defendant” is so indefinite in meaning that it must be considered surplusage. Cf. Greene v. Greene, Fla.App.1967, 199 So.2d 147. The record reveals that appellee was informed of appellant’s need for medical treatment, but that he did not agree. However, no action was taken to offer substituted medical or dental services nor were any suggested. Indeed, the record contains proof that appellant has legitimately incurred doctors’ bills in the amount of $1,855 which appellee refuses to pay. The record also reveals that appellant needs dental work in the amount of $400. We hold that an amended order should be entered on appellant’s petition for the enforcement of the final judgment requiring the husband to pay the amounts above specified, and that the trial judge should, upon the direction of this court, either amend the final judgment to provide for the payment of a specific amount or amounts, or to provide some other method of determining the legitimacy of appellant’s future medical and dental expenses. It is apparent that since the appellee now has custody of the minor child, the requirement that appellee pay the medical and dental bills of the minor child need not be changed.
Appellant’s third point urges error because the trial court refused to modify the final judgment to increase alimony and support payments. In view of the decisions already reached, and after a review of the briefs and the record, we find that this point is without merit.
The order is affirmed in part, reversed in part, and remanded with directions to enter an amended order requiring the payment to the appellant of the amounts specified for medical and dental expenses, and with directions to modify the final judgment heretofore entered in this cause as to future medical and dental expenses of the appellant.
Affirmed in part, reversed in part, and remanded with directions.

 * * *
“ . . . the Court further finds that since the entry of the Final Judgment as heretofore stated the Plaintiff has attempted to deprive the Defendant of his rights of visitation with the minor child, ADANA STEWART, and that she has on numerous occasions refused to let him talk to the child on the telephone, and has herself refused to talk to him, and in general displayed such a hostile attitude toward the defendant that it has adversely affected the child, a very bright, vivacious and charming young lady, who acts much older than her ten years. That the Plaintiff has restricted the child from calling her father, and has used the right to telephone him or visit with him as either a reward or punishment as she sees fit.
“The Court further finds that the best interest of the child would be served by transferring the custody of the child from the Plaintiff, DOROTHY C. STEWART, to the Defendant, ALAN C. STEWART,

* * * * *

.

“ . . . the $100.00 heretofore awarded as child support be modified and reduced to $50.00 every two weeks. Said sum to be used by the Plaintiff for support of the child during visitation with the Mother. That the Plaintiff be awarded the right of reasonable visitation with the minor child.”

.

“4. That the defendant shall be obligated to pay the existing medical bills and dental bills for the plaintiff and minor child as well as future medical and dental bills but that no future medical expenses shall be incurred without first consulting the defendant.”