264 So.2d 112 (1972)
Jekolia R. LEFLER, Appellant,
v.
Carl E. LEFLER, Appellee.
No. 71-932.
District Court of Appeal of Florida, Fourth District.
June 30, 1972.
*113 William F. Willes of Willes, Bittan & Willes, Fort Pierce, for appellant.
William G. Tye, Fort Pierce, for appellee.
OWEN, Judge.
Appellee husband brought this proceeding for dissolution of marriage under Chapter 71-241, Laws of Florida, 1971, and after obtaining a default judgment against appellant wife, proceeded to final judgment. Although appellee's complaint did not specifically request an award of alimony, the final judgment awarded to the husband as lump sum alimony the wife's interest in the real and personal property which had been the marital domicile, title to which had been taken by the parties as tenants of an estate by the entirety. It is only this portion of the judgment which the wife attacks.
Section 10 of Chapter 71-241, Laws of Florida, 1971, amended F.S. Section 61.08, F.S.A. pertaining to alimony to read as follows:
"61.08 Alimony
(1) In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be rehabilitative or permanent in nature. In any award of alimony, the court may order periodic payments or payments in lump sum or both. The court may consider the adultery of a spouse and the circumstances thereof in determining whether alimony shall be awarded to such spouse and the amount of alimony, if any, to be awarded to such spouse.
(2) In determining a proper award of alimony, the court may consider any factor necessary to do equity and justice between the parties."
Chapter 71-241, took effect July 1, 1971. Known popularly as "No Fault Divorce" because it provided for a means of dissolution of marriage without the necessity of either party alleging or proving fault on the part of the other, it likewise made certain other drastic changes in heretofore established law of this jurisdiction. For the first time ever, it furnished a statutory basis upon which the husband to the marriage could seek and obtain an award of alimony and suit money from the wife. Although this represents a radical departure from the historical concept of alimony as an award based on the common law obligation of the husband to support his wife, Floyd v. Floyd (1926), 91 Fla. 910, 108 So. 896, it nonetheless is in keeping with the present trend toward assuring complete equality between the sexes. We have the view, however, that no matter which direction the flow of alimony may take, its basic nature and purpose remains the same as heretofore, i.e., to provide nourishment, sustenance and the necessities of life to a *114 former spouse who has neither the resources nor ability to be self-sustaining. We expressly hold that just as heretofore the wife's entitlement to alimony depended upon a showing of her need and the husband's ability to pay, Jacobs v. Jacobs, Fla. 1951, 50 So.2d 169; Pendleton v. Pendleton, Fla.App. 1966, 189 So.2d 499; 10 Fla.Jur., Divorce, § 166, so now the husband's entitlement to alimony depends upon a showing of his need and the wife's ability to pay.
Appellant having permitted the matter to go by default, the hearing was on an ex parte basis. Except for a corroborating witness as to appellee's residency, the only evidence before the court was the sworn testimony of appellee husband. Viewed most favorably to him, it established that (1) the wife had worked as a school teacher during the entire 23 years of marriage, the last three years of which she had taught in North Carolina, (2) from her employment she had accumulated approximately $6,000, which she had kept in a North Carolina savings account in her name, (3) the marital dwelling in St. Lucie County had been purchased in their joint names, the wife having contributed none of the original purchase price but approximately one-half of the cost of certain additions and improvements made thereafter; and (4) immediately after the wife was served with process in this suit, she had taken the parties' jointly owned 1971 automobile, together with the funds in their jointly held bank account in St. Lucie County (the amount of which was not stated) and had departed for North Carolina where she was living at the time of the hearing. Except for his interest in the home, there was no testimony whatever as to the husband's financial resources or his ability to provide for his own necessities, beyond his statement that he had never received any money from his wife and had been paying the bills and "keeping things going". This statement alone rather clearly implies that he has the ability to provide for his own necessities, but in any event, it clearly could not sustain a finding that he does not have such ability.
The parties' respective interest in the property is controlled by statute, F.S. Section 689.15, F.S.A., in the absence of the court expressly finding and determining that a special equity in the property exists in favor of one spouse or the other (which did not occur here) or in the absence of awarding the property as lump sum alimony (which should not have occurred here).
The judgment appealed is modified as herein provided, and as thus modified, is affirmed.
MAGER, J., and MORROW, RUSSELL O., Associate Judge, concur.