OWEN, Judge.
In this suit for dissolution of marriage the appellant-wife makes no complaint of those provisions in the amended judgment dissolving the marriage, awarding lump sum alimony, and child custody and support, but does complain on this appeal of certain other provisions discussed below.
The wife’s principal complaint is that the amended judgment required her to convey to appellee-husband her interest in certain real property which theretofore had been held by the parties as tenants of an estate by the entirety. In the absence of a finding of special equity in favor of the husband, the property rights of the respective parties were controlled by statute, Section 689.15, F.S.1971, F.S.A. The judgment contained no finding by the court of a special equity on behalf of the husband in the jointly owned real property. Thus, it was error for the trial court to require the appellant to transfer her interest to the appellee. Sistrunk v. Sistrunk, Fla.App.1970, 235 So.2d 53 (and cases therein cited).
The foregoing provision requiring the wife to transfer to the husband her interest in certain jointly owned real property was unquestionably a factor which the trial court took into consideration in gauging the amount of lump sum alimony awarded to the wife. We therefore vacate that portion of the final judgment which awards lump sum alimony to the wife but with leave granted to the trial court, upon remand of this cause, to reinstate all or any part of the lump sum alimony award as in his sound discretion it appears equitable to do so under the circumstances presented. Glasser v. Glasser, Fla.App.1965, 178 So.2d 749.
The amended judgment also provided that should any future hearing be required on modification of the amount of child support, each of the parties would be responsible for his or her own attorney’s fees and costs. The court was without authority to enter this portion of the judgment, as it constituted a judgment in futu-ro on a matter which is properly to be determined on the basis of the parties’ financial resources as they may exist as and when the matter of modification of child
*213 support payments is before the court. Section 61.16, F.S.1971, F.S.A.
Finally, the amended judgment enjoined appellant from entertaining in her home at any hour of the day, any adult male acquaintances or friends who were not related by blood or marriage, and also enjoined the minor children of the parties from owning or operating motorcycles, motor driven cycles, or motor bicycles of any type except upon written order of the court. The court was without authority to attempt to regulate the activities of the wife or children in this manner.
As to those portions of the judgment herein found to be in error, the same are reversed; in all other respects the judgment is affirmed subject to further proceedings upon remand as herein indicated.
Affirmed in part, reversed in part and remanded.
REED, C. J., and MAGER, J., concur.