289 So.2d 766 (1974)
Karl Rex BROOK, Appellant,
v.
Edith Walters BROOK, Appellee.
No. 73-730.
District Court of Appeal of Florida, Third District.
February 5, 1974.
Rehearing Denied March 6, 1974.
Heiman & Crary and William A. Meadows, Miami, for appellant.
Horton & Perse, Miami, George Baker Thomson, Coral Gables, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Respondent-appellant appeals an award of permanent alimony to the appellee, his ex-wife.
Appellee, Edith Walters, was an employee of National Airlines from 1959 until August 1965 when she terminated her employment therewith and agreed to go with the appellant, then her husband-to-be, to Arkansas and engage in a real estate venture. After nine or ten months, she returned to Miami and attempted to regain employment with her former employer. Several months thereafter appellee was rehired by National, but at a reduced salary and loss of seniority. A few months later *767 in June 1967, she married the appellant and at his insistence again resigned. The parties separated in February 1972 and appellee filed her petition for dissolution of marriage. In May 1973 the chancellor entered an order dissolving the marriage and awarded the appellee $650 per month as permanent alimony based upon the following:
"The wife is entitled to receive permanent alimony. The parties have been married since June 30, 1967. They separated in February of 1972. No children were born of their marriage. The wife, who is forty-eight (48) years old, has had substantial change in circumstances by virtue of her loss of seniority with National Airlines, by whom she was employed prior to the marriage.
"The husband's monthly income is $5,900.00, consisting of $2,500.00 from Golden Glades Enterprises, $1,400.00 from mortgage receivables, and projected monthly income from his medical practice of $2,000.00."
On appeal, appellant ex-husband contends that the court erred in awarding permanent alimony rather than rehabilitative alimony. We cannot agree.
It is within the discretion of the chancellor in a proceeding for dissolution of marriage to award either rehabilitative or permanent alimony. Fla. Stat. § 61.08(1), F.S.A. After a thorough examination of the record, we find there is competent substantial evidence in the record to support the award of $650 per month as permanent alimony to the appellee and thus, there has been no abuse of discretion on the part of the chancellor. Further, as evidenced by the record, the chancellor properly considered the factor of the appellee's loss of seniority with National Airlines [by whom she was employed prior to the marriage] in considering the award of permanent alimony in order to do equity and justice between the parties. Fla. Stat. § 61.08(2), F.S.A. We also noted that appellant ex-husband did not contest the amount of the award or his present ability to make the required monthly payments.
For the reasons cited hereinabove, the judgment of the trial court is affirmed.
Affirmed.