296 So.2d 541 (1974)
Mary REBACK, Appellant,
v.
Ralph REBACK, Appellee.
No. 73-404.
District Court of Appeal of Florida, Third District.
May 7, 1974.
Rehearing Denied July 17, 1974.
*542 Pettigrew & Bailey and Eugene E. Stearns, Miami, for appellant.
Koeppel, Stark, Marks & Newmark, Miami, for appellee.
Before PEARSON, CARROLL and HENDRY, JJ.
PEARSON, Judge.
The appellant is a former wife whose marriage of nearly thirty years has been dissolved at the request of her former husband. Since she is fifty-six years old and has busied herself as a housewife and mother for the major portion of her life, she feels aggrieved by a judgment that grants her only rehabilitative alimony. We hold that the award to the appellant was inadequate and amend the judgment accordingly.
The appellant and the appellee were married in the state of Massachusetts in 1943. The husband went into a business in that state with the wife's brother. Eventually the husband purchased the brother's interest.
There were two children born of the marriage; both had been raised, but one is still a minor and in school. In 1968 the husband left the marital home. The wife secured a decree for separate maintenance and child support in a Massachusetts court.
In 1971 the husband sold the business and moved to Miami. He thereafter sought dissolution of the marriage in the Circuit Court of the Eleventh Judicial Circuit. By separate judgments, the trial court first dissolved the marriage and second made financial provisions for the wife and minor child.
The appellant-wife has urged four points for reversal: (1) The petitioner-husband did not offer sufficient proof of his residence in Florida. (2) The court erred in awarding rehabilitative rather than permanent alimony. (3) The court ought not have changed the amount allowed the wife by the Massachusetts court without proof of a change in circumstances. (4) The court ought to have awarded her a one-half interest in the proceeds from the sale of the business. We find error only upon the award of rehabilitative alimony. As to the remaining points we hold: (1) The proof of residence was sufficient. See Fowler v. Fowler, 156 Fla. 316, 22 So.2d 817 (1945). (2) The Massachusetts separate maintenance decree was not binding on the Florida trial court in a dissolution of marriage proceeding inasmuch of the dissolution of the marriage itself is a change in circumstances. (3) The award of an equitable interest in certain property was a matter to be decided by the trial judge upon the conflicting evidence before him.
As to the propriety of an award of rehabilitative alimony under the facts of this case, the appellant says that such an award stands on the same basis as an award of permanent alimony, i.e., the need of the wife and the husband's ability to pay. She urges that rehabilitative alimony is proper only when the wife's needs are likely to diminish or cease in the future. It is her *543 position that her needs are not likely to change between 56 and 61 years of age or to cease at 61.
A judgment for rehabilitative alimony was considered by the District Court of Appeal, First District, in Schwarb v. Schwarb, Fla.App. 1972, 259 So.2d 745. In reversing the trial court, the appellate court noted that there was no showing on the record that the wife's needs would end at the expiration of the periodic alimony even though the trial court retained jurisdiction. The court held:
"We have examined the evidence adduced before the chancellor and find insufficient evidence from which the chancellor could reasonably conclude that the need of the plaintiff wife for the alimony payments, or the financial ability of the defendant to make such payments, would, or were likely to, terminate on or about January 15, 1972. In fairness to the chancellor, however, we mention the fact at the end of the judgment he reserved the jurisdiction `to enforce and modify' the above-quoted provision.
"We hold, therefore, that the chancellor erred in limiting the award of alimony to a six-months period, so the judgment appealed from herein must be, and it is reversed, and the cause is remanded for futher proceedings consistent with the views hereinabove expressed."
The appellee declines to discuss the question of the propriety of rehabilitative alimony under the circumstances of this case. He states that much ado is made over the fact that the alimony award was for rehabilitative alimony and the wife will be 61 years of age when the time comes to terminate the payments. He urges that if she is still in need of money at that time, and if the husband is still able to pay, additional alimony can still be directed to be paid under the law as established in Melin v. Melin, Fla.App. 1972, 265 So.2d 414.
In the absence of specific statutory guidance as to the origin and nature of the term "rehabilitative", and in the absence of any pronouncement of the Florida legislature as to its intended meaning, it is necessary to construe the term by reference to its ordinary definition and common usage. Courts in many jurisdictions have customarily awarded a type of periodic alimony, limited in amount and duration, without denominating it "rehabilitative".
The dictionary definition[1] of the word "rehabilitate" is to "restore to a former capacity ... to put on a proper basis or into a previous good state again". This word, when applied descriptively to alimony to which a husband or wife may be entitled, assumes necessarily either a previous potential or actual capacity for self-support in the person seeking alimony which has been undeveloped or completely lost during the marriage. The ordinary definition indicates that "rehabilitative" alimony is appropriate in those situations where it is possible for the person to develop anew of redevelop a capacity for self-support, and should be limited in amount and duration to what is necessary to maintain that person through his training or education, or until he or she obtains employment or otherwise becomes self-supporting. The record in the case at bar is devoid of any evidence that Mary Reback will be rehabilitated when she is 61 years old. There was no inquiry made as to whether or not Mary Reback was employable except her own statement that she had not worked since 1945. We therefore hold that rehabilitative alimony was not indicated by the present state of the record in this case. Belcher v. Belcher, Fla.App. 1974, 290 So.2d 126; Brook v. Brook, Fla. App. 1974, 289 So.2d 766; Dash v. Dash, Fla.App. 1973, 284 So.2d 407; Carmel v. Carmel, Fla.App. 1973, 282 So.2d 6.
*544 The value of the property apportioned to the spouse seeking alimony is an important consideration in determining what amount of alimony, if any, should be awarded. This emphasis on an equitable property settlement appears designed to remedy the situation occurring at an earlier time where alimony awards were overexpanded to make up for the inequitable distribution of property to the party, usually the husband, who held the title to most of the family property. The concept of rehabilitative alimony goes hand in hand with the new approach to property distribution which recognizes that although the wife may not have contributed to the purchase price of marital property, she has augmented its value through her contributions as a homemaker.
In the present instance the trial court found that all of the business property accumulated during the marriage belonged to the husband. The family residence was in the wife's name and the court allowed her to keep this property together with approximately $55,000.00 worth of stocks and bonds which she owns. Therefore, the appellant is not likely to become destitute. Nevertheless, the record does show that most of the property accumulated in thirty years of marriage remained with the appellee. Under these circumstances, the small amount of alimony allowed to the appellant constituted an abuse of discretion.
We, therefore, amend the final judgment in accordance with the argument of appellee to provide that the trial court shall retain jurisdiction for the purpose of allowing such further alimony, after the expiration of the alimony allowed, as the circumstances of the parties and the needs of the appellant shall then determine to be proper.
Judgment amended in part and as amended affirmed.
NOTES
[1] Webster's New International Dictionary (2nd ed. 1960).