315 So.2d 104 (1975)
Eloise PATTERSON, Appellant,
v.
D.E. PATTERSON, Appellee.
No. 73-1416.
District Court of Appeal of Florida, Fourth District.
June 6, 1975.
Rehearing Denied July 30, 1975.
Robert L. Saylor of Farish & Farish, West Palm Beach, for appellant.
Michael B. Davis of Walton, Lantaff, Schroeder, Carson & Whal, West Palm Beach, for appellee.
WALDEN, Judge.
The trial court entered a judgment of dissolution adopting the report of a Special Master. Among other settlement provisions, the wife was awarded $700 per month rehabilitative alimony for two years and the husband was awarded the wife's interest in certain business property owned by the parties as tenants by the entirety. The wife appeals these awards, requesting permanent periodic alimony and the return of her interest in the business property. *105 We agree with her contentions on these points and reverse.
The parties were married in 1938. They had two children, now aged thirty-five and twenty-three. The wife worked in her husband's office for a period of twenty years, but was not paid a salary. Her duties consisted of being a receptionist and doing simple bookkeeping. She received no salary, and nothing was paid into Social Security funds on her behalf. The wife is fifty-six years of age, and has a ninth grade education. The husband is sixty-one and is a physician. It is undisputed that in 1972 he had an income of at least $28,000. According to the undisputed testimony of a qualified employment agent, the best employment Mrs. Patterson could expect to obtain would be limited receptionist work, at a salary of $70 to $80 per week, at best. This presuming she could compete at all in that job market. There is testimony that such positions are more readily filled by younger persons. We take issue with the award of "rehabilitative" alimony to such a person, whose life has been spent raising a family, working intermittently without recompense to help her husband's business, and who is at an age where her job outlook is  to use the words of the employment agent  "dismal." In Reback v. Reback, 296 So.2d 541 (3d D.C.A.Fla. 1974), the court gave an accurate description of the nature, purpose and application of rehabilitative alimony:
"The dictionary definition of the word `rehabilitate' is to `restore to a former capacity .. . to put on a proper basis or into a previous good state again'. This word, when applied descriptively to alimony to which a husband or wife may be entitled, assumes necessarily either a previous potential or actual capacity for self-support in the person seeking alimony which has been undeveloped or completely lost during the marriage. The ordinary definition indicates that `rehabilitative' alimony is appropriate in those situations where it is possible for the person to develop anew of redevelop a capacity for self-support, and should be limited in amount and duration to what is necessary to maintain that person through his training or education, or until he or she obtains employment or otherwise becomes self-supporting. The record in the case at bar is devoid of any evidence that Mary Reback will be rehabilitated when she is 61 years old... ." (Footnote references omitted.)
The Reback case is analogous to the instant situation. This appellant will be 58 at the termination of the rehabilitative alimony. The record is devoid of any evidence that she will be rehabilitated. In fact, it supports the contention that she will not be able to properly support herself. In that case, she is entitled to periodic alimony with respect to her needs and upon her husband's ability to pay. We hold that the award of only rehabilitative alimony was error in this situation, that the husband has the ability to pay, and that periodic alimony in the amount of $700 per month is justified in the record. We ground our decision upon Calligarich v. Calligarich, 256 So.2d 60 (4th D.C.A.Fla. 1971):
"It is our opinion that, due to plaintiff's health, age, lack of assets and income, it is highly unlikely she will be able to support herself in eighteen months. Lump sum alimony is justified only where it serves a reasonable purpose, such as rehabilitation, or where the marriage's duration or the parties' financial position would make such an award advantageous to both. The wife's need and the husband's ability are still the correct equation to follow." Id. at 61. (Emphasis added);
Lefler v. Lefler, 264 So.2d 112 (4th D.C.A. Fla. 1972):
"[With respect to the new no-fault divorce law], [w]e have the view ... that no matter which direction the flow *106 of alimony may take, its basic nature and purpose remains the same as heretofore, i.e., to provide nourishment, sustenance and the necessities of life to a former spouse who has neither the resources nor ability to be self-sustaining." Id. at 113-114;
Dash v. Dash, 284 So.2d 407 (3d D.C.A. Fla. 1973):
"[A]ppellant is not the proper subject for rehabilitative alimony.
* * * * * *
"We do not think that the record demonstrates that appellant may be rehabilitated to support herself within three years or at any other foreseeable time.
"An award of rehabilitative alimony calls for a relative assessment of the wife's needs and the husband's ability to pay." Id. at 408-409;
McRee v. McRee, 267 So.2d 21 (4th D.C.A. Fla. 1972); Sharpe v. Sharpe, 267 So.2d 665 (3d D.C.A.Fla. 1972); and Toth v. Toth, 228 So.2d 295 (3d D.C.A.Fla. 1969).
With respect to the award of the wife's interest in the business property to the husband, we reverse it upon authority of Niemann v. Niemann, 294 So.2d 415 (4th D.C.A.Fla. 1974); Wilbur v. Wilbur, 299 So.2d 99 (3d D.C.A.Fla. 1974); Griffin v. Griffin, 276 So.2d 211 (4th D.C.A.Fla. 1973); Harder v. Harder, 264 So.2d 476 (3d D.C.A.Fla. 1972) and Sistrunk v. Sistrunk, 235 So.2d 53 (4th D.C.A.Fla. 1970), as being a property settlement improperly imposed by the trial court.
After dissolution, unless there exists a special equity, a request for partition, or an agreement between the parties, F.S. 689.15 (1973) operates to render the former tenants by the entireties as tenants in common. Niemann v. Niemann, supra. Although the husband requested partition here, the court did not partition.
We reverse and remand with instructions that the trial court enter judgment entitling the wife to permanent periodic alimony in the sum of $700 monthly; second, that the trial court vacate that part of its judgment awarding the wife's interest in the business property to the husband; third, the trial court will please entertain the husband's prayer for partition of the business property in question.
Reversed and remanded.
MAGER, J., and BOOHER, STEPHEN R., Associate Judge, concur.