McCORD, Judge.
This is an appeal from a final judgment dissolving the marriage between the parties. Appellant husband contends that the trial court erred in not awarding him a special equity in the home of the parties.
The marriage lasted only six months prior to the filing of the petition for dissolution by the wife (appellee). The land on which the home of the parties was located originally belonged to the wife’s father. He conveyed it to the husband in return for a $9,000 note. The husband then secured a loan and built the home on the property, putting some of his own time and money into the house. When the marriage went on the rocks, the father threatened suit on the note. The husband then gave a quitclaim deed to the property to the wife and stated therein, “The instrument is in consideration of the cancellation of that certain promissory note to Thomas D. and Joyce M. Miller dated July 7, 1974, and is not determinative of any special equity the husband may have- in the wife’s property.” The father’s attorney then delivered the satisfied note to the husband. The transaction was handled by the attorneys for the respective parties and the father testified that he intended that the husband’s deed to the property be to him rather than to the wife. The wife contends that although title was taken in her name, the deed created a resulting trust in favor of her father because the deed should have been to her father. It does not appear, however, that there was any mistake on the husband’s part in his conveyance to the wife, and he did so specifically reserving his claim to a special equity. The husband’s testimony that he had put time and money in the property was not refuted, and the wife admitted it. The trial court denied the husband’s claim to a special equity. The claim of the husband was established by the evidence, and it was, therefore, error for the trial court to decline to award it and to not impress a lien upon the property for the amount awarded.
Reversed and remanded.
RAWLS, Acting C. J. , and SMITH, J., concur.