342 So.2d 1076 (1977)
Marjorie B. MESSER, Appellant,
v.
Addison L. MESSER, Appellee.
No. 76-273.
District Court of Appeal of Florida, Second District.
March 2, 1977.
George N. Meros and John M. Edman, of Meros, Coit, Wells, Edman & Meros, St. Petersburg, for appellant.
Erma R. Hallett and Thomas J. Collins, of Collins, Hallett & Ford, St. Petersburg, for appellee.
McNULTY, Judge.
In this dissolution of marriage proceeding appellant/wife appeals from a Supplemental Judgment determining property rights rendered on January 26, 1976. A final judgment of dissolution of marriage had previously been rendered on July 18, 1975, with the court retaining jurisdiction for further orders and judgments pertaining to property rights.
The Supplemental Judgment appealed from decreed that the marital residence remain in the names of the parties as tenants in common; that appellee/husband pay appellant/wife the sum of $650 per month as rehabilitative alimony for a period of three years or until she remarries or either party dies; and that the husband shall pay all outstanding debts incurred by the wife for her necessities prior to the date of the final judgment of dissolution of marriage.
The primary thrust of the wife's appeal is that the trial court abused its discretion in failing to award permanent alimony. We agree.
The parties lived together as man and wife for 31 years. As of the date of the judgment appealed from the husband was 60 years of age and was a practicing physician *1077 in St. Petersburg. The wife was 58 years of age with some physical and emotional impairment. She became a registered nurse in 1939 and had worked for four years as such before her marriage to appellee and for about five months thereafter. However, she is not licensed to work as a registered nurse in the State of Florida, nor has she had any supplemental nursing training since 1939. She has not been employed in any capacity besides her duties as homemaker, wife and mother since 1943. Two children were born of this marriage, both of whom are now adults and self-supporting.
At the time the parties married in 1943, their total assets were approximately 3 or 4 thousand dollars. Thereafter, during the course of the marriage, appellee/husband accumulated a net worth of $319,000. Appellee estimated that his income for the year 1975 would be approximately $65,000, the same as for the year 1974. On the other hand, the wife's assets, with the exception of her undivided one-half interest in the marital home (approximately $30,000) which the trial court's judgment did not disturb, were $547. The wife estimated her weekly expenses to be $320, with no income.
On these facts, we hold that the trial court erred in failing to provide for permanent alimony to appellant.
To begin with, the fact that the legislature authorized rehabilitative alimony did not do away with permanent alimony. In a proper case, permanent alimony is still desirable and lawful.[1]
Secondly, the wife is still entitled to live in a manner reasonably commensurate with the standard established by the husband during marriage, as we said in Lash v. Lash;[2] and even if she rehabilitates herself as a nurse her standard of living obviously, on this record, cannot rise to that of a successful physician's wife.
It is thus clear that the instant case is one in which equity requires an award of permanent alimony to the wife, as opposed to only rehabilitative alimony. The need has been amply demonstrated and the ability on the part of appellee to pay is not seriously in dispute.
Concerning the rehabilitative alimony, we note that the whole concept thereof presupposes the potential for self-support; and, without this capacity, there is nothing to which one can be rehabilitated.[3] In light of the facts that appellant is 58 years old, has some physical and emotional impairment, has not worked as a registered nurse since 1943 and is not presently licensed as such by the State of Florida, there is little likelihood that appellant will be rehabilitated to support herself within three years; certainly not in her accustomed stratum. It is more likely that appellant is now less equipped for work than she was when she became married to appellee in 1943. Moreover, the fact that the wife stated that she was not interested in procuring employment (alluded to with apparent disapproval by the trial court in the Supplemental Judgment) would not of itself disqualify her from her entitlement to permanent alimony.[4]
Finally, appellant argues that the trial court erred in concluding that it could not award the husband's interest in the jointly owned home as lump sum alimony. It appears from the findings of fact and law as recited in the Supplemental Judgment that the trial court may have been of the opinion that it was without authority to award the husband's undivided interest in the jointly owned marital home as lump *1078 sum alimony. This is not so, of course, and in a proper case the trial court would certainly have the authority to make such an award in the form of lump sum alimony.[5] Therefore, in light of our holding that the trial court erred in not awarding permanent alimony in the instant case, the trial court on remand will have the opportunity to revisit the question of permanent alimony in all of its forms and ramifications, including the possible contribution thereto of an award of the husband's interest in the jointly owned home.
The other points raised by appellant lack merit and do not require comment.
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN, C.J., and HOBSON, J., concur.
NOTES
[1] See Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976); Gall v. Gall, 336 So.2d 10 (Fla.2d DCA 1976); Dash v. Dash, 284 So.2d 407 (Fla.3d DCA 1973); Brown v. Brown, 300 So.2d 719 (Fla.1st DCA 1974)
[2] 307 So.2d 241 (Fla.2d DCA 1975).
[3] See, e.g., Reback v. Reback, 296 So.2d 541 (Fla.3d DCA 1974); Patterson v. Patterson, 315 So.2d 104 (Fla.4th DCA 1975); Lash v. Lash, supra, n. 2.
[4] Cf. Sommese v. Sommese, 324 So.2d 647 (Fla.1st DCA 1976).
[5] See Steinhauer v. Steinhauer, 252 So.2d 825 (Fla.4th DCA 1971).