345 So.2d 359 (1977)
Emogene HAWKESWORTH, Appellant,
v.
J. Arthur HAWKESWORTH, Jr., Appellee.
No. 76-618.
District Court of Appeal of Florida, Third District.
April 12, 1977.
Rehearing Denied May 23, 1977.
Schwartz, Klein & Steinhardt, Miami, for appellant.
Horton, Perse & Ginsberg, Miami, for appellee.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
Respondent, Emogene Hawkesworth, appeals those provisions of a final judgment of dissolution of marriage awarding (1) $950 per month to her for a period of five years as rehabilitative alimony; (2) $300 monthly per child for child support; (3) the Ocala property to the petitioner, J. Arthur Hawkesworth, Jr., upon recognizing his special equity therein.
We find merit in Emogene's contention that she should have been awarded permanent instead of rehabilitative alimony.
*360 When Emogene was first married, she worked for a short time as a clerk-typist. After the first child was born, she stopped working to concentrate upon managing the household and raising the four children born of the marriage. In the meantime her husband, Arthur, had the opportunity of enhancing his professional career as an attorney. After some 24 years, the marriage dissolved leaving Emogene a 46 year old woman who suffers from high blood pressure and a kidney ailment with the task of raising the youngest of the four children (the other three having reached the age of majority at the time of the appeal) and rehabilitating herself within five years.
Rehabilitative alimony necessarily assumes on the part of the person seeking alimony either a previous potential or actual capacity for self-support which has been undeveloped or completely lost during the marriage. Reback v. Reback, 296 So.2d 541 (Fla.3d DCA 1974). This type of alimony is more appropriate where the parties are still young, the marriage is of a relatively short duration and the wife has the ability to develop or redevelop her qualifications for self-support. See Reback, supra, and Lash v. Lash, 307 So.2d 241 (Fla.2d DCA 1975). However, where the dissolution comes after many years there are different circumstances to be considered, particularly when the wife has given up her career upon marriage to manage the home and raise the children. Lash, supra. Taking into account Emogene's poor health and on the other hand, Arthur's income, we find the award of only rehabilitative alimony to be erroneous. See Reback, supra; Lash, supra; Patterson v. Patterson, 315 So.2d 104 (Fla.4th DCA 1975); Sommese v. Sommese, 324 So.2d 647 (Fla.1st DCA 1976); McNaughton v. McNaughton, 332 So.2d 673 (Fla.3d DCA 1976).
Having determined that permanent rather than rehabilitative alimony is appropriate, we now must consider the further question of the proper amount of alimony to be awarded.
The guidelines in determining the amount of alimony are the needs of the wife, the financial ability of the husband and the standard of living established by the parties during the duration of their marriage. Royal v. Royal, 263 So.2d 277 (Fla.3d DCA 1972). The heart of an alimony award is and always has been the needs of the demanding spouse for support and the ability of the other spouse to respond. Thigpen v. Thigpen, 277 So.2d 583 (Fla.1st DCA 1973). With respect to this issue, the record establishes the comfortable standard of living enjoyed by the parties during the marriage and Arthur's ability to make substantial permanent alimony payments. The testimony presented reflected that the cost of household and personal expenses totaled approximately $1,600 per month. We, therefore, conclude that the award of $950 per month rehabilitative alimony is so inadequate as to constitute an abuse of discretion on the part of the trial judge and in place thereof have determined that Emogene should be awarded $1,300[1] per month as and for permanent alimony subject to the right of obtaining relief under changed circumstances. Cf. Klein v. Klein, 122 So.2d 205 (Fla.3d DCA 1960); Massey v. Massey, 205 So.2d 1 (Fla.3d DCA 1967); Schultz v. Schultz, 290 So.2d 146 (Fla.2d DCA 1974); Norton v. Norton, 328 So.2d 484 (Fla.1st DCA 1976). This award we find to be in accord with the accepted principle that a divorced wife is entitled to alimony which will permit her to live in a manner commensurate with that provided by her husband during the coveture, if he has the ability to pay (which Arthur has). See Sommers v. Sommers, 183 So.2d 744 (Fla.3d DCA 1968).
After consideration of Emogene's remaining points on appeal concerning the amount of child support and the Ocala property, we find no abuse of discretion and, thus, no reversible error.
Accordingly, the cause is remanded to the trial court with directions to enter an award of permanent alimony of $1,300 per month with a retention of jurisdiction to *361 modify the alimony award upon the requisite showing of changed circumstances. In all other respects the judgment is affirmed.
Affirmed in part, reversed in part.
NOTES
[1] This amount plus $300 per month child support for the minor child equals $1,600.