358 So.2d 262 (1978)
Joanne T. GRATTON, Appellant,
v.
Joseph S. GRATTON, Appellee.
No. 77-122.
District Court of Appeal of Florida, Third District.
May 9, 1978.
*263 Smathers & Thompson and Shepherd D. Johnston and Cromwell A. Anderson, Miami, for appellant.
Dubbin, Schiff, Berkman & Dubbin and Evan Langbein, Miami, for appellee.
Before HENDRY and HUBBART, JJ. and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This appeal, by the respondent in a proceeding for dissolution of marriage, challenges the correctness of the final judgment as it relates to the alimony allowance made to her therein and to an award to the husband of a special equity in the residence property owned by the wife, and to refusal to award the wife attorney's fee and costs.
As revealed by the record, the parties were married in Dade County, Florida, in 1955. They separated in 1975. The marriage was dissolved in 1976. A supplemental judgment awarded the alimony. Four children were born of the marriage. Three are still minors. After residing in Dade County for five years, the family moved to Maryland in 1960. Upon the husband suffering business reverses there, the family returned to Dade County, Florida in 1970. Thereafter, a home was purchased for a price of $49,900.00. The money for the down payment was supplied by the appellant-wife's mother. Title thereto was taken in the name of the wife, who still owns the property, which she estimated to have a present value of $60,000.00 and which the husband valued at $80,000.00. The wife, with the children, continues to reside in the home. The husband's annual income is approximately $50,000.00. Those figures indicate the standard of living which the parties enjoyed during the marriage.
The judgment dissolving the marriage, entered July 2, 1976, included provisions for the husband to pay child support of $300.00 *264 per month for each of the three minor children, and $600.00 per month alimony, with a reservation of jurisdiction to determine whether the alimony should be permanent or rehabilitative, and, if the latter, its duration. By a subsequent order, also termed a final judgment, entered December 14, 1976, the court designated the allowed alimony as rehabilitative, to be paid for a period of six years, and further reserved jurisdiction "to determine, at the end of six (6) years, whether said alimony should terminate or continue."
The judgment awarded the husband a $9,400.00 special equity in the residence property, based on payment by him of principal and interest on the purchase money mortgage. The amount thus allowed was somewhat less than the total thereof which was paid by the husband. It appears that the husband remains liable for the payment of unpaid balances on home improvement loans by which certain additions or improvements were made to the residence. The amount thereof is approximately $8,000.00. In the December 1976 judgment it was recognized the husband had agreed to pay the last mentioned obligations, and the court held that each of the parties should bear his or her attorney's fee and costs.
We affirm the trial court's rulings relating to attorney fees and costs and awarding the special equity to the husband. The ruling as to attorney fees and costs was authorized under Section 61.16, Florida Statutes (1975), and in the situation of the parties was not an abuse of discretion. In view of the disclosed facts bearing thereon we hold no reason in law has been shown to disturb the special equity award to the husband. See Poston v. Poston, 332 So.2d 363 (Fla. 1st DCA 1976); Italiane v. Italiane, 342 So.2d 1003 (Fla. 4th DCA 1977).
It was argued strenuously on behalf of the wife that the circumstances of the case were such that an award of permanent alimony should have been made, and that it was an abuse of discretion not to do so and instead to award rehabilitative alimony. We find merit in that contention.
In our view the situation presented was one that called for allowance of alimony, but not for rehabilitative alimony. The marriage was of twenty-one years duration in which, except for a short period of financial reverses of the husband, the standard of living established was above average. The wife is forty-three years of age and has the care of the minor children. She has a number of physical ailments, some of which are of long standing. Although not disabling, they well could interfere with any regular or profitable employment. The wife's attendance at college was required to be terminated after two and one-half years because of illness. She has no academic degree, and has no business experience or work skills such as could enable her to engage in business or obtain employment from which she could be expected to derive income in an amount adequate for her self-support, and clearly not such as could be expected to enable her to support herself in accordance with the former standard of living of the parties established during marriage, yet it is that to which she is entitled. See Messer v. Messer, 342 So.2d 1076, 1077 (Fla. 2d DCA 1977). After the family returned to Florida in 1970, the wife worked for approximately four months in two low paying jobs. After the 1975 separation, the wife worked for a time as a substitute teacher (non-accredited) in a private school, in which endeavor she earned less than $1,000.00.
In short, the wife has no previously established adequate earning capacity or ability to which to become rehabilitated, and in her accustomed stratum it is unlikely that she could gain such in the future. The reservation of jurisdiction did not state that it was for the purpose of determining, after six years, whether to grant her permanent alimony, but was to determine "whether said [rehabilitative] alimony should terminate or continue". What the trial court planned for thereby is not clear. That language in the judgment as it relates to alimony has a tendency to place the wife improperly in an "or else" dilemma.
*265 Since due to her age, physical condition and lack of business training it is highly unlikely that the wife could be expected to become adequately self-supporting, according to the wording of the jurisdiction reservation the court's alternatives, after six years, would appear to be whether then to terminate the rehabilitative alimony or to extend it for a further rehabilitative period.
In a case which on the facts is strikingly similar to the instant case, this court reversed an award of rehabilitative alimony and directed allowance of permanent alimony. See Hawkesworth v. Hawkesworth, 345 So.2d 359 (Fla. 3d DCA 1977).
The fact that the legislature authorized rehabilitative alimony did not do away with permanent alimony, and in a proper case permanent alimony is still desirable and lawful. Messer v. Messer, supra, 342 So.2d 1076 (Fla. 4th DCA 1977); Mosher v. Mosher, 321 So.2d 450 (Fla. 2d DCA 1975); Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975).
In Messer the court said "Concerning the rehabilitative alimony, we note that the whole concept thereof presupposes the potential for self-support; and, without this capacity, there is nothing to which one can be rehabilitated"; citing Reback v. Reback, 296 So.2d 541 (Fla. 3d DCA 1974); Patterson v. Patterson, 315 So.2d 104 (Fla. 4th DCA 1975); and Lash v. Lash, supra.
With permanent alimony, as called for here, awarded in this case, if, in spite of the unlikelihood that the wife could become adequately self-supporting, she does in fact become so, or substantially so, then on the basis of that change of circumstances of the parties the husband could apply under Section 61.14, Florida Statutes (1977) for modification of the judgment as to the alimony awarded therein. See Anderson v. Anderson, 333 So.2d 484 (Fla. 3d DCA 1976).
In our opinion this case was one in which the wife should have been awarded permanent periodic alimony, and it was an abuse of discretion to deny permanent alimony and to make the alimony rehabilitative in character. Hawkesworth v. Hawkesworth, supra; Messer v. Messer, supra; Lash v. Lash, supra.
Accordingly, we reverse the provision of the judgment of December 14, 1976 which classified the allowed alimony as rehabilitative in character, and we hereby amend the judgment to provide that the alimony which was allowed by the trial court shall be permanent periodic alimony, payable by the husband until the wife shall remarry or die or the husband shall die, whichever shall first occur.
Affirmed in part and reversed in part and amended.