PER CURIAM.
This is another marital dissolution case in which the wife complains of the award of lump sum alimony and rehabilitative alimony.
The marriage had an eighteen year duration in which the wife was primarily a housekeeper and mother of two children with no appreciative skills. The marital home is to be sold and over half of the net proceeds are to be used to liquidate debts that were largely incurred for ventures not connected with the home. The balance of the proceeds were awarded as lump sum alimony[1] and the wife was awarded $100.00 a week as rehabilitative alimony. The court fixed an amount of attorneys fees due the wife as $15,000.00 and directed that the husband be responsible for only $10,000.00 thereof.
We affirm all the allocations made by the trial court except that we make the award of alimony permanent rather than rehabilitative. Patrick v. Patrick, 399 So.2d 72 (Fla. 5th DCA 1981); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1981); Messer v. Messer, 342 So.2d 1076 (Fla. 2d DCA 1977).
Affirmed as amended.

. The wife really was not awarded lump sum alimony, in fact, what she should receive from the sale of the home will approximate her equity therein.
The home is titled in the estate of the entire-ties. It has an equity above the first and second mortgage of approximately $170,000.00. upon the entry of the final judgment of dissolution by operation of law, the parties become tenants in common, Abella-Fernandez v. Abella, 393 So.2d 40 (Fla. 3d DCA 1981); Greene v. Greene, 199 So.2d 147 (Fla. 1st DCA 1967); Wild v. Wild, 157 So.2d 532 (Fla. 1st DCA 1963); Section 689.15 Florida Statutes (1979) with each entitled, upon the sale, to one-half of the proceeds, or approximately $85,000.00. Therefore the wife is entitled to receive at least $70,000.00 as the owner thereof and this amount should not be considered lump sum alimony. It is also appropriate on this record for the husband’s share in the proceeds of the sale to be used exclusively to liquidate the outstanding debts, because these obligations (which the wife was required to sign) were incurred primarily in connection with the husband’s business activities.