431 So.2d 743 (1983)
Kathleen T. MALOY, Appellant,
v.
Thomas K. MALOY, Appellee.
No. 82-1162.
District Court of Appeal of Florida, Second District.
May 25, 1983.
Dennis S. Gold, Naples, for appellant.
William L. Blackwell of William L. Blackwell, P.A., Naples, for appellee.
DANAHY, Acting Chief Judge.
In this appeal from the final judgment which dissolved the marriage of the parties, the only question raised is whether the trial court erred in awarding the wife rehabilitative alimony instead of permanent alimony as she requested. We agree with the wife that the periodic payments of alimony should have been made permanent. Therefore, we reverse and order the judgment amended to that extent.
During the twenty-three years' marriage, the wife was the homemaker and was responsible for the primary care of the parties' four children. She was not employed outside the home. She never obtained a high school diploma and she has no special employment skills beyond those she has *744 recently developed in her job as a waitress and hostess. At that job she earns a weekly salary of approximately $180. She has several health problems. While those problems do not presently impair her capacity to work as a waitress, it is apparent that there is no better job opportunity to which she can aspire nor other skill she can be trained to perform.
The husband is in good health, has some college training, holds a license as a real estate salesman and manages a real estate firm where he earns $24,000 a year over and above expenses allowed by the firm. He earned over twice that amount in the same type business in New York before recently moving to Florida. During their entire married life in New York, the parties enjoyed a lifestyle of comfort which can best be described as well above average.
It is clear that the wife is unable to fully support herself on her salary and that the trial judge correctly ordered the weekly alimony payments in the amount of $75 to be made by the husband. On appeal the husband does not complain that the wife does not need the amount of alimony ordered, nor does he complain that he is unable to make the payments. He contends, rather, that the trial judge was correct in refusing to make the alimony payments permanent as requested by the wife.
There was no evidence that the wife would or could be rehabilitated to greater financial success within the two-year period of the rehabilitative alimony award. Patrick v. Patrick, 399 So.2d 72 (Fla. 5th DCA 1981); Wagner v. Wagner, 383 So.2d 987 (Fla. 4th DCA 1980). There was no evidence that she could develop anew or redevelop a capacity for full self-support and achieve some semblance of the lifestyle she enjoyed during the marriage. Hair v. Hair, 402 So.2d 1201 (Fla. 5th DCA 1981); Reback v. Reback, 296 So.2d 541 (Fla. 3d DCA 1974). Because that is so, we find the trial court applied an incorrect rule of law. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Accordingly, we reverse and direct that the provision for weekly payments of periodic alimony be made permanent rather than rehabilitative. The judgment is affirmed in all other respects. Pace v. Pace, 427 So.2d 232 (Fla. 3d DCA 1983); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980); Messer v. Messer, 342 So.2d 1076 (Fla. 2d DCA 1977); Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975).
SCHOONOVER and LEHAN, JJ., concur.