458 So.2d 73 (1984)
Mildred M. FILKINS, Appellant,
v.
Harry A. FILKINS, Appellee.
No. 84-469.
District Court of Appeal of Florida, Second District.
October 31, 1984.
Louis Kwall of Gross & Kwall, Clearwater, for appellant.
Joanne F. Killeen, St. Petersburg, for appellee.
BOARDMAN, Acting Chief Judge.
In this dissolution of marriage proceeding, appellant/wife contends the trial court abused its discretion in failing to award her permanent periodic alimony. We agree and therefore reverse.
The parties were divorced after twenty-nine years of marriage. At the time of *74 dissolution, the husband was a fifty-eight-year-old seaman earning an estimated $45,000 a year. The fifty-seven-year-old wife, on the other hand, had been a homemaker for the duration of the marriage, had raised three children, and possessed an eleventh grade education. The wife has not worked since the beginning of the marriage and is not presently trained for any employment. The wife did testify, however, that three years ago she worked on an assembly line for one day, but the job was too much for her to handle.
The final judgment of dissolution awarded the wife rehabilitative alimony of $1300 per month for twenty-four months, reduced to $500 per month for the next twelve months. The court further awarded to the wife the parties' marital home in Tampa (estimated value $62,000) and their mobile home lot in Ruskin, Florida (estimated value $10,000). The husband received the parties' beach house on Anna Maria Island (estimated value $73,000 with a $20,000 mortgage), two lots in Hillsborough County, and $7000 in receivables due from various relatives. A negligible amount of stock was divided equally between the parties.
An award of rehabilitative alimony to a party presupposes the actual or potential capacity for self-support within the prescribed period commensurate with the party's accustomed standard of living. Maloy v. Maloy, 431 So.2d 743 (Fla. 2d DCA 1983); Holland v. Holland, 406 So.2d 496 (Fla. 5th DCA 1981); Burke v. Burke, 401 So.2d 921 (Fla. 5th DCA 1981); Wagner v. Wagner, 383 So.2d 987 (Fla. 4th DCA 1980); and Messer v. Messer, 342 So.2d 1076 (Fla.2d DCA 1977). Without this capacity there is nothing to which one can be rehabilitated. See, e.g., Patterson v. Patterson, 315 So.2d 104 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 20 (Fla. 1976); Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975). Here, in view of the facts that appellant has less than a high school education and has not worked in twenty-nine years, there is little, if any, chance that she will be self-supporting within three years, certainly not to the standard of living she enjoyed while married.
Accordingly, we reverse and remand this cause to the trial court with directions to revisit the question of permanent alimony based on the wife's needs and the husband's ability to provide for those needs. We affirm the final judgment of dissolution in all other respects.
Reversed and remanded for further proceedings not inconsistent herewith.
GRIMES and SCHEB, JJ., concur.