GOSHORN, Judge.
Bobbie Freeman appeals her final judgment of dissolution of marriage. We find no error except as to the award of rehabilitative alimony.
The parties were married for 31 years. The wife possesses a high school education and never worked outside the home for any appreciable period of time prior to the parties’ separation. After the separation, the wife was able to obtain employment as a part-time receptionist for Displaced Homemakers, earning $3.65 per hour. No evidence was presented showing the wife has any substantial capacity for rehabilitation. Yet the evidence is clear the husband has the ability to respond to any reasonable alimony award.
Under these circumstances, it was error for the trial court to award permanent periodic alimony of $700 per month and $500 per month rehabilitative alimony for a period of one year. See Filkins v. Filkins, 458 So.2d 73 (Fla. 2d DCA 1984) (fifty-seven year old homemaker with 11th grade education required permanent alimony in light of fact she had not worked outside the home during the twenty-nine year marriage); Corrie v. Corrie, 428 So.2d 710 (Fla. 3d DCA 1983) (fifty year old homemaker, of twenty-nine years, was incorrectly awarded half permanent, half rehabilitative alimony in the face of a lack of evidence that she could become self supporting); Nichols v. Nichols, 418 So.2d 1198 (Fla. 5th DCA 1982) (the trial court erred in awarding rehabilitative, rather than permanent alimony to fifty year old wife, married twenty-nine years, upon showing that wife suffered from emotional and physical problems, and did not work outside the home); Patrick v. Patrick, 399 So.2d 72 (Fla. 5th DCA 1981) (no showing of rehabilitative capacity made where wife married thirty-six years, with only 11th grade education, and next to no work experience outside the home); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980) (twenty-four year marriage of forty-two year old homemaker, who possessed a high school degree, and no real work experience outside the home, mandated an award of permanent, not rehabilitative alimony).
This cause is reversed and remanded with instructions to the trial court to convert the rehabilitative alimony to permanent periodic alimony, thereby making the total permanent periodic alimony awarded *1068 to the wife $1200 per month. Otherwise the judgment is affirmed.
AFFIRMED in part, REVERSED in part, REMANDED.
DAUKSCH, J., and CONRAD, Associate Judge, concurs.