DANAHY, Judge.
We hold that the trial judge abused his discretion in designating portions of the wife’s alimony awards as rehabilitative and terminable at the end of two years.
The parties are in their early 40’s and were married approximately fourteen years. They have three children. The husband is an attorney and financial investor, and the trial judge found that he has the present capability of earning approximately $55,000 per year. The trial judge also found that the wife, who has worked, is capable of earning approximately $6,000 annually. Among other financial arrangements in the final judgment, the trial judge required the husband to pay rehabilitative alimony to the wife in the amount of $600 per month for a period of two years. Thereafter, the husband’s rehabilitative alimony obligation is to terminate and the husband is to pay the wife the sum of $300 per month as permanent periodic alimony. The trial judge also required the husband to pay one-half the wife’s reasonable and necessary medical expenses for a period of two years.
The trial judge thus tacitly found that, in addition to his other obligations under the final judgment, the husband has the ability to pay the wife the sum of $600 per month and to contribute to payment of her medical expenses, and the wife has a need for such assistance. The record supports that determination. The record does not support the trial judge’s determination that the wife’s alimony should be partially rehabilitative in nature.
As we have pointed out, rehabilitative alimony presupposes the potential for self-support. Without this capacity, there is nothing to which one can be rehabilitated. Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975). Nothing in the record before us suggests that the wife may be able, in two years’ time, to earn an income sufficient to support herself in a style reasonably commensurate with that which she enjoyed during the marriage. Under these circumstances, an award of rehabilitative alimony is an abuse of discretion. The husband should be required to assist in the wife’s support on a permanent basis, subject always to the right of obtaining relief under changed circumstances. We, of course, do not rule out the possibility that some time in the future the wife might earn a much greater income than $6,000. That possibility, however, is purely speculative and it does not justify the trial judge’s action in designating a part of the wife’s alimony award as rehabilitative in nature. In re Marriage of Jones, 357 So.2d 439 (Fla. 2d DCA 1978).
The wife challenges the final judgment in other respects, which we have considered and found to be without merit.
Accordingly, we reverse the final judgment with directions that the wife’s alimony of $600 per month be made permanent, and the husband’s obligation to pay one-half the wife’s reasonable medical expenses be made permanent. We affirm the final judgment in all other respects.
REVERSED in part, AFFIRMED in part, and REMANDED with directions.
BOARDMAN, A. C. J., and GRIMES, J., concur.