443 So.2d 388 (1983)
Marilyn F. MASTERS, Appellant,
v.
Marion Neal MASTERS, Appellee.
No. 83-868.
District Court of Appeal of Florida, Second District.
December 30, 1983.
*389 William L. Lyman of William L. Lyman, P.A., Clearwater, for appellant.
Wayne O. Smith, St. Petersburg, for appellee.
OTT, Chief Judge.
In this postdissolution proceeding, the trial court found that lump sum alimony payable in installments to appellant pursuant to a property settlement agreement was actually the discharge of a debt. We reverse.
The marriage of the parties was dissolved in 1980. The final judgment of dissolution approved and incorporated by reference a settlement agreement previously executed by both parties whereby the appellee agreed to pay as lump sum alimony $154,000 in monthly installments over a fifteen-year period.
In 1982, appellee filed bankruptcy proceedings. He thereafter ceased making the monthly payments and filed a motion seeking to have the payments determined to be the discharge of a debt, presumably in an attempt to have the payments discharged by the bankruptcy court. The lower court found that the provision in question was for the payment of debts owed by appellee to appellant.
We find no evidence that the lump sum alimony was anything other than what it was labeled. Lump sum alimony may be utilized to ensure equitable distribution of property acquired during the marriage. Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980). Upon entry of the final judgment incorporating the agreement to pay lump sum alimony, appellant had a vested right which was not subject to modification (unless the parties had agreed otherwise). Id.
The decision of the trial court is REVERSED.
HOBSON and LEHAN, JJ., concur.