462 So.2d 876 (1985)
Janis ENGLISH, Formerly Known As Janis E. Galbreath, Appellant,
v.
Henderson E. GALBREATH, Appellee.
No. 84-945.
District Court of Appeal of Florida, Second District.
January 30, 1985.
*877 Sarah Richardson of Rahdert, Anderson & Richardson, St. Petersburg, for appellant.
Anthony P. Granese, Clearwater, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant, the former wife, appeals the trial court's order denying her motion for contempt directed toward appellee, the former husband, for his failure to pay monthly "lump sum alimony" payments. The "lump sum alimony" payments were provided for in an agreement entered into between the parties in anticipation of their dissolution of marriage action. The agreement was approved and incorporated into the final judgment of dissolution of marriage. The trial judge who entered the final judgment was not the same judge as denied the contempt proceeding. The appellee has since filed bankruptcy proceedings. He contended at the contempt hearings, and here, that the "lump sum alimony" payments were not, in fact, alimony for support but were nonmodifiable property settlement payments that are unenforceable by contempt. The trial judge in the contempt proceedings agreed and refused to enforce the payments. We reverse.
The agreement between the parties provided that the "parties desire to settle all questions of alimony, property rights and any other issues... ." It had a section labeled "Alimony" which provided that:
The husband shall pay to the wife the sum of $1,400 per month for a period of 121 months, commencing May 15, 1981. The parties intend that these payments represent lump sum alimony of $169,400.00 payable monthly and that they be deductible to the husband in accordance with the provisions of the Internal Revenue Code. It is further intended that these payments not be modifiable nor contingent upon the occurrence of any event.
It also had a section labeled "Real Property," and another, "Division of Property Between Parties." The agreement acknowledged that there was no equity in either of the two parcels of real property owned by the parties and provided that the appellant would convey all of her interest in the marital home and the husband's medical office building to him. The husband assumed the liabilities thereon.
The other section on property simply provided that the parties had already divided all items of personal property. The husband was to have custody of the parties' minor child. There were no other provisions for support or alimony. The financial statements reflect the wife had no income and the husband a gross monthly income of $5,000.00. His financial affidavit also reflected "average support paid" of $1,400.00 per month.
While the use of terms such as "alimony," "support" or "property settlement" are not necessarily conclusive of the intent of the parties, they do have weight in determining the intent. Howell v. Howell, 207 So.2d 507 (Fla. 2d DCA 1968); Woodworth v. Woodworth, 385 So.2d 1024 (Fla. 4th DCA 1980). There is nothing in the record to indicate that this agreement was an exchange of property rights or obligations so as to override the expressed intent of the parties.
This case is remarkably similar to Masters v. Masters, 443 So.2d 388 (Fla. 2d DCA 1983), where we held there was no evidence to support a finding that a provision for lump sum alimony was anything other than what it was labeled. We reach that same conclusion here. See also Zuccarello v. Zuccarello, 429 So.2d 68 (Fla. 3d DCA 1983); McCombes v. McCombes, 440 So.2d 683 (Fla. 1st DCA 1983). The alimony being lump sum alimony payable in installments, it was, therefore, vested in the wife and nonmodifiable. Philipose v. Philipose, 431 So.2d 698 (Fla. 2d DCA 1983); Frye v. Frye, 385 So.2d 1383 (Fla. 2d DCA 1980). Alimony payments, even though they be lump sum payable in installments, are enforceable by contempt proceedings. Howell v. Howell; Zuccarello v. Zuccarello; McCombes v. McCombes. We are not, *878 by this decision, determining that the appellee should be held in contempt, but only that the remedy of contempt is available upon a proper finding by the trial court. Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976); McCombes v. McCombes.
We are disposed to address one additional problem in this case. While lump sum alimony is vested and nonmodifiable in total amount, we have held that the manner of payment may be subject to modification by the court. Philipose v. Philipose. The parties by their agreement, however, have seemed to preclude a modification in the manner of payments. As we have observed, the agreement provides that "these payments not be modifiable...." (Emphasis supplied.) Even so, we conclude that the parties having once agreed the payments are not modifiable, are not precluded from now agreeing that the manner of payment of the total vested lump sum amount may be modified.
Reversed and remanded for treatment consistent herewith.
LEHAN, J., and PACK, R. WALLACE, Associate Judge, concur.