In re the Marriage of Lawrence Donald SINK, Petitioner/Respondent,

v.

Billie M. SINK, Respondent/Appellant.

No. 50722.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 28, 1986.

Motion for Rehearing and/or Transfer Denied Dec. 3, 1986.

Application to Transfer Denied Jan. 13, 1987.

Susan M. Hais, Clayton, for respondent/appellant.

E. Fairfax Jones, St. Louis, for petitioner/respondent.

SMITH, Presiding Judge.

Former wife appeals from an order of the trial court denying her motion for apportionment of military retirement benefits of her husband. We affirm.

The twenty-five year marriage of the parties was dissolved in March 1982. In March 1983 wife filed her motion to modify or in the alternative to distribute an undistributed asset. That asset was the husband's military retirement benefits of approximately $800 per month. The trial court granted husband's motion for summary judgment and that order was appealed. In *Sink v. Sink*, 669 S.W.2d 284 (Mo.App.1984) we reversed the trial court and remanded on the basis that:

"The wife's affidavit presents a primary issue of fact in this case concerning the existence of an agreement of the parties on the disposition of the military retired pay."

Upon remand a hearing was held and the court in its written decision found that the parties had agreed to disposition of the marital property and to disposition of the military retirement benefits at the time of the dissolution. The trial court therefore denied wife's alternative motions.

The history of military retirement benefits as a marital asset is fully discussed in *Sink v. Sink, supra,* and *Marriage of Quintard,* 691 S.W.2d 950 (Mo.App.1985) and need not be repeated. It is sufficient to say that at the time of the dissolution here such benefits were not a marital asset pursuant to *McCarty v. McCarty,* 453 U.S.

210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). Subsequent to the dissolution 10 U.S.C. Sec. 1408(c)(1) was enacted which allowed state courts to treat such pensions as marital property and that provision was made retroactive to the date of the *McCarty* decision. By virtue of that enactment, the pension here involved became marital property under Missouri law.

There was substantial evidence before the trial court to support a conclusion that husband and wife agreed to the distribution of all marital property, including the military pension. Husband testified to such an agreement as did his original lawyer. At the dissolution hearing husband testified to the agreement on distribution of the marital assets and that it was agreed he would retain the pension. Wife testified at the dissolution hearing to her agreement with her husband's testimony. Although the military retirement benefits were not included in the settlement agreement or in the court decree, the oral agreement concerning them was fully explored at the dissolution hearing and the agreement of the parties was spread upon the record. As we stated in *Markwardt v. Markwardt,* 617 S.W.2d 461 (Mo.App.1981) [1]:

"In the case before us it is clear the parties entered into a binding stipulation in open court concerning the division of their property. Like the Supreme Court of Missouri this court believes that an oral stipulation should be as binding as a written contract when the oral agreement is entered into in open court by parties represented by able counsel and the agreement is spread upon the record."

Wife received virtually all of the modest marital assets and the assets received by the husband were offset by the debts for which he assumed responsibility. Although unemployed, wife sought no maintenance. The testimony of the husband and his attorney and the distribution of the marital assets is sufficient to support the trial court's finding of an agreement concerning the military retirement benefits.

Wife places upon our original decision in *Sink* an interpretation that the parties could not make an agreement concerning the retirement benefits and that the question before the trial court on remand was solely one of how to distribute that marital asset. Wife's interpretation is based upon the following dicta in *Sink:*

"The mandate of *McCarty* suggests a secondary question of whether the agreement, if there was one, was meaningful if the law denied the wife any interest in the military retired pay. On the date the dissolution was granted *McCarty* precluded any consideration by the dissolution court of the military retired pay as marital property. It follows that what the parties could not legally agree to, they may not have agreed to."

We do not interpret this as a holding that no legally binding agreement regarding the retirement pay could be made between the parties. The quoted material simply raised the possibility that such an issue might exist and that the absence of a legal interest in the benefits by the wife may have caused the parties not to negotiate concerning them. *McCarty* deals with the authority of a court to make an order distributing military retirement benefits. We find nothing in that opinion that even inferentially intimates that the retiree cannot by agreement promise to pay over benefits to an ex-spouse after they have been received. The benefits are income to the husband here and could be included as income available to support an award of maintenance. It is at least inferable that wife forewent any continuing maintenance from husband in exchange for the immediate cash from the sale of the marital home, the predominant asset of the marriage. In fact wife testified that husband had prior to the dissolution indicated a willingness to give her part of the pension.

Wife also points to a release which husband requested the wife to execute as evidence that husband believed that no agreement concerning the retirement pay had been made. Wife did not execute the release. The release was general in terms

and made no specific reference to the retirement benefits. Husband and wife both testified that it was presented to her at the time the proceeds from the sale of the marital home were distributed. Husband testified that it was intended to establish his compliance with the terms of the decree and property settlement. That is a reasonable explanation for the release and was obviously believed by the trier of fact.

The order of the court is supported by substantial evidence, is not against the weight of the evidence, and is not based upon any error of law.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.