PER CURIAM.
This cause is before us on appeal from a final judgment dissolving the marriage of William Norman Kluessner and Frances Kay Kluessner. The trial court awarded Mr. Kluessner a special equity in the marital home, finding in pertinent part:
The [hjusband borrowed $13,500.00 from his mother as the down payment on this home, giving to his mother a promissory note. In 1985, the [hjusband paid his mother $14,653.00 representing principal and accrued interest on said promissory note, and the [c]ourt finds that the [h]us-band is entitled to a special equity in the marital home property to the extent of $14,653.00.
The wife challenges this award on the ground that while the original loan may have come from the husband’s mother, the loan was repaid with the funds derived from the husband’s pension plan. Generally, a pension fund may be considered as a marital asset. Diffenderfer v. Diffenderfer, 491 So.2d 265, 268 (Fla.1986). However, the record reflects that the retirement fund required 15 years to accumulate, while the marriage endured for only four years of that time. Diffenderfer held that retirement funds are marital assets only “[t]o the extent acquired during the marriage.” Diffenderfer at 268. Consequently, we must reverse the judgment below and remand for determination of what pension funds were accumulated before and during the marriage, and for a determination of the parties’ respective interests in the marital home in light thereof. As to the other issue on appeal, we find no error and affirm.
Reversed in part, affirmed in part, and remanded.
BOOTH, C.J., and ERVIN and SMITH, JJ., concur.