510 So.2d 1109 (1987)
Lucinda TRIPP, Appellant,
v.
Odell TRIPP, Appellee.
No. 4-86-2741.
District Court of Appeal of Florida, Fourth District.
August 5, 1987.
*1110 Charles W. Musgrove, West Palm Beach, for appellant.
No appearance for appellee.
PER CURIAM.
Appellant seeks our review of a final judgment of dissolution of marriage. She argues that the trial court committed reversible error when it failed equitably to distribute the husband's vested military pension despite a request by the wife that it do so. Appellee has not filed a brief.
Of course, vested military pension benefits must now be treated as a marital asset [Pastore v. Pastore, 497 So.2d 635 (Fla. 1986); Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986)], at least to the extent earned or acquired during the marriage. Kluessner v. Kluessner, 508 So.2d 775 (Fla. 1st DCA 1987). In her petition, appellant requested half of the husband's monthly retirement check. This request was not addressed in the final judgment (although the trial court subsequently indicated that, by failing to address the request, it had intended to deny it).
It is not clear to us whether the trial court treated the military pension benefits as a marital asset. If it did not, the failure to do so would be reversible error to the extent that those benefits were earned or acquired during the marriage. Diffenderfer, supra. If it did, in our opinion, under the totality of the circumstances, appellant has been "shortchanged." Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla. 1980). In either event, reversal is necessary.
On remand, the trial court should treat the husband's pension benefits earned or acquired during the marriage as a marital asset. The trial court should then do equity between the parties, according to the principles expressed in Canakaris. In fashioning an overall plan that is fair to both parties, taking into account the pension benefits, the trial court may wish to revisit the amounts of child support and periodic alimony previously set. It is certainly free to do so. The only requirement is that the overall plan of distribution do equity between the parties.
REVERSED and REMANDED, with directions.
GUNTHER and STONE, JJ., and WEBSTER, PETER D., Associate Judge, concur.