533 So.2d 917 (1988)
Shirley Jean HATCHER, Appellant/Cross-Appellee,
v.
William Russell HATCHER, Appellee/Cross-Appellant.
No. 88-328.
District Court of Appeal of Florida, Second District.
November 16, 1988.
*918 Robert E. Pyle, Lake Alfred, for appellant/cross-appellee.
Robert M. Chambers, Winter Haven, for appellee/cross-appellant.
DANAHY, Judge.
In this appeal from a judgment of dissolution of marriage and order of equitable distribution, Shirley Jean Hatcher, the appellant/wife claims as error the following: (1) that the trial court should have awarded her permanent alimony instead of rehabilitative alimony;[1] (2) that the court should have given her an interest in her husband's retirement accounts; (3) that it was error for the court to order that she and her husband be equally responsible for the credit card indebtedness of the family; and (4) that her husband's half-interest in the marital home should have been awarded to her as lump sum alimony. The appellee/husband, William Russell Hatcher, cross-appeals the court's order that he pay sixty percent of the wife's attorney's fees and costs. We have carefully examined the record and case law on the issues presented and find merit only on the issue of rehabilitative alimony.
The parties have been married for twenty-five years, since shortly after the wife graduated from high school. The wife did not continue her education because the parties' first child was born soon after the marriage. The fourth, and youngest, child was just short of her majority at the time of the final hearing. During the marriage the wife was a full-time homemaker. She never developed any marketable skills beyond some typing ability. The husband has worked during the entire marriage as an X-ray technician and has provided the sole financial support for the family. He attempted to supplement this modest, but sufficient, income with outside business ventures which had varying degrees of success. The wife, at times, assisted the husband in these outside business ventures. The husband is presently gainfully employed and has every expectation of continuing so; his pension account through his employer is vested.
After the parties separated, the wife attempted to secure full-time employment. She was able to secure two part-time jobs; one near, and the other below, the minimum wage. It was not possible, however, for her to continue with either job longer than two weeks. This was so because both jobs required her to stand for long periods of time, thus exacerbating a foot problem. The wife has no history of earning other than these two unsuccessful attempts. There is no evidence that she can ever earn an income sufficient to meet the modest standard of living she enjoyed during this lengthy marriage. Under these circumstances, we find that the trial court abused its discretion in awarding the wife only temporary rehabilitative alimony.
*919 Rehabilitative alimony "presupposes a potential for self-support that has been undeveloped or completely lost during the marriage." Hobart v. Hobart, 512 So.2d 992 (Fla. 1st DCA 1987). Furthermore, "rehabilitative alimony is appropriate only where the evidence suggests the wife can be raised to a financial stature that would permit her to become self-supporting." Sever v. Sever, 467 So.2d 492 (Fla. 2d DCA 1985). The evidence in this case does not support a finding that the wife could develop the capacity for self-support. Accordingly, we reverse on this issue and remand for entry of an order converting the award of temporary rehabilitative alimony to permanent alimony. Filkins v. Filkins, 458 So.2d 73 (Fla. 2d DCA 1984); Maloy v. Maloy, 431 So.2d 743 (Fla. 2d DCA 1983); St. Laurent v. St. Laurent, 417 So.2d 824 (Fla. 2d DCA 1982); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980).
We find no error as to the remaining issues. The trial court was cognizant of the value of the husband's pension accounts. The evidence shows that the trial court considered the pension accounts in determining distribution of the marital assets. Thus, contrary to the wife's contention, the trial court has satisfied the mandate of Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986). Moreover, we do not find that the trial court's remaining orders regarding the credit card indebtedness, the marital home, and the wife's attorney's fees and costs constituted an abuse of discretion. Therefore, we affirm the judgment in these respects. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
Affirmed in part, reversed in part, and remanded with directions to amend the judgment to provide for permanent alimony.
CAMPBELL, C.J., and SCHOONOVER, J., concur.
NOTES
[1] The appellant only claims that the alimony awarded her should have been permanent instead of temporary rehabilitative alimony; she makes no claim that the amount awarded is error. Therefore, since she does not dispute the amount, we do not interfere with the ruling in that regard.