535 So.2d 613 (1988)
William H. RENTZ, Appellant/Cross-Appellee,
v.
Sylvia J. RENTZ, Appellee/Cross-Appellant.
No. 88-352.
District Court of Appeal of Florida, Second District.
December 7, 1988.
*614 Dewey Mockler, Fort Myers, for appellant/cross-appellee.
Stephen J. Taminosian, Fort Myers, for appellee/cross-appellant.
THREADGILL, Judge.
The former husband, William Rentz, appeals an order modifying the final judgment of dissolution. The order of the trial court granted the wife, Sylvia Rentz, forty percent of the husband's military retirement benefits as permanent periodic alimony in lieu of the lump sum alimony originally awarded. The husband contends the trial court lacked jurisdiction to modify the final judgment which was based on a settlement agreement. We agree and reverse.
The parties were divorced in 1981 after twenty-seven years of marriage. The final judgment, which incorporated the parties' settlement agreement, provided, inter alia, that the wife would receive lump sum alimony of $325 per month for a period of ten years and one month from the date of entry of the final judgment. The wife argues that at the time the final judgment of dissolution was entered, the Supreme Court decision in McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) prohibited the award of military retirement benefits as permanent periodic alimony.[1] Subsequently, in 1983, the Uniformed Services Former Spouses' Protection Act (the Act), 10 U.S.C.A. § 1408 (West 1983), was enacted and given retroactive effect. The Act provides that a court may treat military retirement benefits as marital property and thus subject to division and distribution to a former spouse who meets the Act's criteria.
Pursuant to the Act, the wife filed a petition for modification in June, 1987, seeking "no less than 40%, no greater than 50% of Husband's military retirement pay." She also requested that the payment of benefits be in addition to the alimony and child support awards. No other grounds for modification were included in the petition. The trial court granted the wife's petition, abated the husband's alimony payments and awarded the wife forty percent of the husband's military retirement benefits. The husband appealed the modification and the wife cross-appealed arguing that the husband should be required to continue to pay lump sum alimony.
We find that the court erred in modifying the final judgment of dissolution. The purpose of the Act is to allow courts to go back and consider the military retirement income which McCarty had prohibited. In 1981 the parties agreed to a property division, child support, and lump sum alimony. In approving their settlement agreement, the trial court reviewed the husband's financial affidavits which clearly included his military retirement pay. Thus, in compliance with the Act, the court considered the husband's military retirement income in computing his income and in determining the amount of alimony and child support that should be awarded to the wife. The settlement agreement was later incorporated in the final judgment. The alimony, being lump sum alimony payable in installments, became vested in the wife and nonmodifiable absent an agreement between the parties. English v. Galbreath, *615 462 So.2d 876 (Fla. 2d DCA 1985); Masters v. Masters, 443 So.2d 388 (Fla. 2d DCA 1983).
In Florida, vested military pension benefits must be treated as a marital asset, either as a source of support obligations or as property subject to equitable distribution. They should not, however, be considered in calculating both. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986); Tripp v. Tripp, 510 So.2d 1109 (Fla. 4th DCA 1987).
No Florida court has directly addressed the issue of whether the Act should be applied to modify or eliminate an agreed upon award of lump sum alimony and replace it with a percentage of a spouse's military retirement pay. In a similar case, Hamilton v. Hamilton, 508 So.2d 760, 761 (Fla. 1st DCA 1987), the court stated: "neither the trial court nor this court can reach back and modify the original judgment to effect a different distribution of property rights, including the former husband's military pension benefits... . (citations omitted) Such benefits should, however, as in the past, be considered by the trial court in determining the former husband's ability to pay alimony and child support... ."
The courts of other states have considered the finality of judgments in the context of the Act. McBride v. McBride, 112 Idaho 959, 739 P.2d 258 (1987) (despite the Act, property division portions of a divorce decree are final, res judicata and no jurisdiction exists to modify them); Sink v. Sink, 721 S.W.2d 108 (Mo. App. 1986), (the wife cannot later ask for apportionment of military benefits where there was substantial evidence before the trial court that husband and wife agreed to the distribution of all marital property, including a military pension.) See In re the Marriage of Quintard, 691 S.W.2d 950 (Mo. App. 1985); Tomlinson v. Tomlinson, 729 P.2d 1363 (Nev. 1986); Koenes v. Koenes, 478 N.E.2d 1241 (Ind. App. 1985); Flannagan v. Flannagan, 42 Wash. App. 214, 709 P.2d 1247 (1985).
In addition, the language of the Act itself shows that it is to be viewed as permissive rather than mandatory. The Act provides that "a court may treat disposable retired or retainer pay payable to a member ... either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court... ." 10 U.S.C.A. § 1408 (West 1983).
In summary, we find that the husband's military retirement pay was considered in the determination of the alimony award, that the lump sum alimony award is not subject to modification and that the Act itself is permissive rather than mandatory. Accordingly, we reverse the order of modification entered by the trial court and remand for reinstatement of the original final judgment of dissolution.
Our disposition makes it unnecessary to reach the wife's issue on cross-appeal. However, we note that injustice would result if the husband's military retirement benefits were considered as the basis for both an award of lump sum alimony and permanent periodic alimony consisting of a percentage of those same benefits. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986).
REVERSED AND REMANDED.
CAMPBELL, C.J., and SCHEB, J., concur.
NOTES
[1] But see Cullen v. Cullen, 413 So.2d 1196 (Fla. 1st DCA 1982), where the court distinguished the McCarty decision and found it did not preclude an award of permanent periodic alimony in the amount of one-half of the husband's military retirement pay.