546 So.2d 1153 (1989)
Dorothy J. McREYNOLDS, Appellant,
v.
Edward M. McREYNOLDS, Appellee.
No. 88-03029.
District Court of Appeal of Florida, Second District.
July 26, 1989.
Thomas P. Colclough of Wallace, Finck, Boake & Colclough, St. Petersburg, for appellant.
Morris Silberman of Morris Silberman, P.A., Clearwater, for appellee.
SCHOONOVER, Judge.
The appellant, Dorothy J. McReynolds, challenges an amended final judgment entered in a dissolution of marriage action. We find that the trial court improperly dealt with the husband's vested pension funds in determining the wife's entitlement to equitable distribution and alimony. We, accordingly, reverse.
At the conclusion of the proceedings in this matter, the court entered an amended final judgment dissolving the parties' marriage, *1154 dividing their property, and awarding the wife permanent alimony. The judgment contained a specific finding that the husband's pension, the entire amount of which accrued during the parties' marriage, was not a marital asset. The judgment went on to provide, however, that the wife had earned an equitable right to the pension benefits of the husband, and apparently, although we cannot be sure, the court considered it when establishing the amount of permanent alimony.
It is well settled that a spouse's entitlement to pension or retirement benefits must be considered a marital asset for purposes of equitably distributing marital property. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986); Hatcher v. Hatcher, 533 So.2d 917 (Fla. 2d DCA 1988). See also Smith v. Smith, 537 So.2d 1021 (Fla. 3d DCA 1989); Tripp v. Tripp, 510 So.2d 1109 (Fla. 4th DCA 1987); Howerton v. Howerton, 491 So.2d 614 (Fla. 5th DCA 1986). The trial court, accordingly, erred in finding that the husband's pension was not a marital asset.
Once a pension is considered as a marital asset, it may be treated as property subject to equitable distribution or as a source of support obligations. Rentz v. Rentz, 535 So.2d 613 (Fla. 2d DCA 1988). Assuming that the trial court had not made the specific finding that the pension was not a marital asset, the remaining portions of the judgment would have indicated that the court considered the pension as a marital asset and then used it as a source of support. That portion of the judgment which provides for permanent alimony contains a finding that the appellant had earned an equitable right in the pension benefit of the appellee. Pursuant to this court's holding in Hatcher, this language would sufficiently establish that the trial court considered the pension in determining distribution of the marital assets and satisfy the mandate of Diffenderfer. We would still find that the trial court erred, however, because there were ample assets available to require equitable distribution rather than considering the yet unavailable pension benefits as a means of support. Under the facts of this case, the result reached "shortchanged" the wife, and we, accordingly, would find that the court abused its discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Tripp.
Because the remedies of equitable property division and alimony awards are interrelated, those portions of the final judgment which deal with property division and alimony are hereby reversed, and the cause is remanded to the trial court for reconsideration of such awards in the light of Diffenderfer. The court should do equity between the parties according to the principles expressed in Canakaris.
Reversed and remanded with instructions.
SCHEB, A.C.J., and PATTERSON, J., concur.