602 So.2d 1348 (1992)
Marie-Anne Nicole Grivet JOHNSON, Appellant,
v.
Jeremy Robert JOHNSON, Appellee.
No. 91-02361.
District Court of Appeal of Florida, Second District.
July 24, 1992.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellant.
C. Richard Nail, Clearwater, for appellee.
*1349 SCHOONOVER, Judge.
The appellant, Marie-Anne Nicole Grivet Johnson, challenges the final judgment entered in a dissolution of marriage action. We affirm the portion of the final judgment which dissolved the parties' marriage. We find, however, that the trial court improperly dealt with the husband's military retirement plan in the final judgment. We, accordingly, reverse that portion of the final judgment dealing with equitable distribution of the retirement plan and remand for further proceedings.
At the time of the final hearing in this matter, the appellee, Jeremy Robert Johnson, had been in the military service for approximately twenty-seven years and had been married to Mrs. Johnson for all but approximately one year of that time. He was going to retire from the military after he served thirty years. Mrs. Johnson claimed an interest in her husband's military retirement benefits, and Mr. Johnson contended that because of his contributions to the marriage, and her lack thereof, he was entitled to the entire pension.
At the conclusion of the proceedings, the court entered a final judgment which contained certain findings. First, the court found that it had jurisdiction and that the marriage was irretrievably broken. Next, the court found that the parties owned various real and personal property which should be equitably distributed. Last, the judgment stated that "[t]he Court has considered the Wife's claim for equitable distribution of the Husband's Military Retirement Plan and the Survivor's Benefit Plan and in determining the Wife's need for support by way of alimony and the Husband's ability to pay." The judgment then dissolved the parties' marriage and adjudicated their respective rights. The court ordered the parties to sell the four parcels of real estate they owned jointly and to equally divide the net proceeds. Mrs. Johnson was awarded permanent periodic alimony in the amount of $2000 per month, and Mr. Johnson was ordered to purchase a life insurance policy in the amount of $100,000 to secure the permanent periodic alimony payments so long as they were payable. In addition to dividing the parties' personal property and reserving jurisdiction to determine entitlement to attorney's fees and costs, the court denied Mrs. Johnson's claim for equitable distribution of her husband's military retirement plan and the survivor's benefit plan. Mrs. Johnson filed a timely notice of appeal of the final judgment.
Mrs. Johnson contends that the trial court erred by denying her any interest in Mr. Johnson's military retirement benefits which will provide him with a gross monthly retirement pay of $3994 if he, as he testified he intends to do, remains in the service for thirty years. Mr. Johnson contends that the trial court considered all of the evidence, applied sections 61.076 and 61.08, Florida Statutes (1989), and equitably distributed the marital property, including the retirement benefits which were awarded to him. The evidence in the record does not support Mr. Johnson's contention, and we, accordingly, agree with Mrs. Johnson.
It is well settled that a spouse's entitlement to pension or retirement benefits must be considered a marital asset for purposes of equitably distributing marital property. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986). See also Hatcher v. Hatcher, 533 So.2d 917 (Fla. 2d DCA 1988). In this case, neither party contends that the court did not consider Mr. Johnson's pension a marital asset. They disagree, however, with how this asset was treated.
Once a pension, or other type of retirement benefit, is considered a marital asset, that asset may be treated as property subject to equitable distribution or as a source of support obligations. McReynolds v. McReynolds, 546 So.2d 1153 (Fla. 2d DCA 1989); Rentz v. Rentz, 535 So.2d 613 (Fla. 2d DCA 1988).
In the final judgment the court found, as mentioned above, that: "The Court has considered the Wife's claim for equitable distribution of the Husband's Military Retirement Plan and the Survivor's Benefit Plan and in determining the Wife's need for support by way of alimony and the *1350 Husband's ability to pay." In order to provide a meaning to this finding, we must assume that the word "and" was placed in the sentence in error and that the court considered the pension in determining the question of support. If this assumption is correct, under the facts of this case, the court erred by treating the pension as a means of support. If the pension was not treated as a means of support, the court erred by "shortchanging" Mrs. Johnson when equitably distributing the marital property.
Generally, it is preferable to deal with pension rights as a marital asset rather than a source of support. By doing so a nonemployee spouse's contribution to the economic success of the other may be recognized. To the extent acquired during the marriage, the benefits are a product of marital teamwork. This, of course, may vary on the facts of each case. Diffenderfer. If pension rights are treated as a source of support, the nonemployee spouse does not receive a vested interest in the asset and benefits may be terminated or suspended for various reasons. This potential unfairness should not be unnecessarily visited upon a wife who has devoted herself to her husband and children for more than twenty-five years.
We recognize, however, that often a lack of sufficient assets or other circumstances exist which leave the court no choice but to utilize pension benefits in calculating permanent periodic alimony. This is not that type of situation. Although the record does not reflect the present value of Mr. Johnson's retirement benefits, it does reflect sufficient marital assets to make an equitable distribution without using the pension to calculate support. Furthermore, until Mr. Johnson retires, the pension is not available to determine Mr. Johnson's present ability to pay alimony. Mr. Johnson does not contest the award of permanent periodic alimony in this case and agrees that the amount awarded is within permissible limits based upon his current income. We, accordingly, find that to the extent that the trial court considered the pension as a source of support, it erred.
If, as Mr. Johnson contends, the court attempted to equitably divide all of the marital assets, including the retirement benefits, it also erred. A spouse is not automatically entitled to some portion of the other spouse's retirement benefits. Hallman v. Hallman, 575 So.2d 738 (Fla. 5th DCA 1991). If the spouse is not given an interest in those benefits, however, the record must reflect that they were considered in the overall scheme of equitable distribution. Where the retirement benefits are a large portion of the marital estate, as in this case, the record must establish that other assets were awarded to the extent that equitable distribution resulted. It is clear that the only equitable division of marital assets contained in the final judgment was directed to all assets other than Mr. Johnson's retirement benefits. These assets were divided nearly equally. Given the age of the parties, the duration of their marriage, their standard of living, and the potential unfairness to Mrs. Johnson, should her husband predecease her, the court's distribution of assets was unreasonable and Mrs. Johnson was "shortchanged." Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Carr v. Carr, 522 So.2d 880 (Fla. 1st DCA 1988).
We, accordingly, reverse with directions to award Mrs. Johnson a proper share of the husband's military retirement plan and the survivor's benefit plan. See Carroll v. Carroll, 528 So.2d 931 (Fla. 3d DCA), rev. denied, 538 So.2d 1255 (Fla. 1988). Any distribution of the retirement plan will result in a change of circumstances when Mr. Johnson retires. At that time, depending upon the amount awarded to Mrs. Johnson, her needs or Mr. Johnson's ability to pay alimony will necessarily change. Either party may then seek a modification of the present permanent periodic alimony award.
Affirmed in part, reversed in part, and remanded.
LEHAN, C.J., and PATTERSON, J., concur.